## BROADBENT v. MARLEY.

(Supreme Court, Appellate Term. April 21, 1899.)

CONTRACTS—NONPERFORMANCE—RECOVERY.

Where a contractor did not perform the work according to contract, but left a substantial portion unperformed, and failed to show any reasonable excuse for nonperformance, and portions of that done were not done in a skillful and workmanlike manner, he could not recover.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Malcolm A. Broadbent against Mary Marley. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Jerolemon & Arrowsmith, for appellant.

Henry Dailey, for respondent.

FREEDMAN, P. J. The proof is insufficient to sustain the finding in favor of the performance by the plaintiff of the painting contract. The work, labor, and services done for plaintiff, and for which he brings this action, were done under a written estimate made by plaintiff, containing full specifications, which he was bound to comply with in doing the work. The proof is clear that he did not perform all the work according to the contract, but left a substantial portion unperformed; and he fails to show any reasonable excuse for nonperformance, and, as to portions of the work which was done, the weight of evidence is to the effect that it was not done in a skillful and workmanlike manner. Performance in accordance with the terms of the contract is a condition precedent to plaintiff's right to recover. Bien v. Abbey (Com. Pl.) 13 N. Y. Supp. 286; Crane v. Knubel, 34 N. Y. Super. Ct. 443. Judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

LEVENTRITT, J., concurs.

MacLEAN, J. (concurring). Under an oral complaint for "work, labor and services and materials furnished," the plaintiff testified to services rendered and materials furnished under a written estimate to do certain work in and upon the premises of the defendant. The evidence, however, is insufficient to sustain the finding of the trial justice that the plaintiff performed his work in a workmanlike manner and according to the terms of his contract, performance according to which is essential to his right to recover. Bien v. Abbey (Com. Pl.)

13 N. Y. Supp. 286; Crane v. Knubel, 34 N. Y. Super. Ct. 430. Judgment must therefore be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.